UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOHN B. STOREY, and JOAN STOREY
a.k.a JOAN LOBO,

                        Plaintiffs,                  08-CV-4844 (SJ) (RLM)

   - against -                              MEMORANDUM
                                                            AND ORDER
JACQUELINE O'BRIEN, PEGGY BARTISH,
and WASHINGTON MUTUAL BANK.

                        Defendants.
-------------------------------------------------------------X

A P P E A R A N C E S

VIVIAN M. WILLIAMS
14 Wall Street, 20th Floor
New York, NY 10005
By:    Vivian M. Williams
Attorney for Plaintiffs

TREUHAFT & ZAKARIN LLP
1001 Avenue of the Americas, 4th FL
New York, NY 10018
By:    Noah Hart
Attorneys for Defendant Jacqueline O'Brien

JOHNSON, Senior District Judge:

        According to the allegations of the amended complaint ("Amended

Complaint"), John E. Storey ("John Senior" or the "Decedent"), the biological father

of plaintiff John B. Storey ("John Junior") died intestate, survived by five children.

(Am. Complaint ¶ 5.) Those involved in this action are John Junior and Joan Storey

(also known as Joan Lobo) (John Junior and Joan Storey will hereinafter be referred

1

to as "Plaintiffs"). Defendants Jacqueline O'Brien ("Jacqueline") and Peggy Bartish ("Peggy") are also children of the Decedent.

The Decedent's estate included a property located at 264 Cozine Avenue in Kings County within the Eastern District of New York (the "Property"), which Plaintiffs allege was conveyed to Defendant/daughter Jacqueline on March 24, 2001, through "deceit and fraud." (Am. Complaint ¶¶10, 23-26.) Defendant Washington Mutual Bank ("Washington Mutual") acquired a mortgage on the Property, and is alleged to have participated in and benefited from that fraud. (Am. Complaint ¶¶ 56-58.) As a result of that conveyance, Plaintiffs argue that Jacqueline, Peggy, and Washington Mutual (collectively "Defendants") have denied them their entitled share of John Senior's estate. (Am. Complaint ¶ 14.) Plaintiffs demand judgment in the form of (1) a constructive trust; (2) an accounting; and (3) a finding of fraud. Plaintiffs also demand judgment "that John B. Storey, Helen Storey and Joan Storey . . . are seized in fee of an undivided interest" in the Property; "[t]hat the Plaintiffs recover possession of their undivided interest in the premises;" and $250,000 in damages. (Am. Complaint ¶ 46.)

Defendants moved to dismiss the Amended Complaint for lack of jurisdiction, arguing that, because the Property is allegedly valued at $248,000, John Junior's intestate share is less than $75,000, and thus does not satisfy the amount in controversy requirement of 28 U.S.C. § 1332. Defendants additionally argue that the

"probate exception" to federal subject matter jurisdiction bars this action and that the statute of limitations on Plaintiffs' fraud claim has expired.

Over 120 days after the filing of the Amended Complaint, the Court directed Plaintiffs to supplement the record with an affirmation addressing the adequacy of service on Defendants. In derogation of the individual rules of this Court, Plaintiffs, on the due date of their submission, filed a motion seeking a three-day enlargement of time. (Docket No. 16.) Four days later, Plaintiffs filed an affirmation explaining that neither Bartish nor Washington Mutual had been served with either the complaint or the Amended Complaint and implying that O'Brien was not served with the Amended Complaint. (Docket No. 17.)

Upon review of the record in action, it is clear that Plaintiffs have failed to show cause for the service-related deficiencies. Counsel for Plaintiffs claims he was unaware that Bartish was not served until the 120 day period had lapsed. Thereafter, he alleges that, because Defendant Jacqueline's motion to dismiss was pending, he thought it best not to "burden the court" with an attempt "to proceed with serving additional defendants." (Docket No. 17 ¶ 11.) Plaintiffs similarly admit that defendant Washington Mutual has not been served with the Amended Complaint. For this failure, Plaintiffs point to the acquisition of Washington Mutual by JP Morgan Chase Bank ("JP Morgan Chase"). Specifically, counsel for Plaintiffs states that he was unable to serve Washington Mutual because the bank was acquired by JP Morgan Chase and that the "acquisition/merger deal . . . remained fluid during the

120 days [*sic*] period." (Docket No. 17 at ¶ 15.) However, JP Morgan's acquisition of Washington Mutual's assets occurred two months prior to the filing of the Complaint and three and a half months prior to the filing of the Amended Complaint.[1] Plaintiffs provide no support for the argument that a corporate acquisition renders either party to the merged entity unservable during any portion of the process, much less for a period of several months. Moreover, Plaintiffs neither informed the Court of any difficulties of service based on this reasoning, nor moved for an extension of time to complete same. See, e.g., Mascoll v. Strumpf, 2009 WL 935814, at *4 (E.D.N.Y. Mar. 31, 2009) (Townes, J.) (plaintiff's failure to request an extension of time undercuts showing of good cause for failure to serve); see also Smith v. Ford Motor Co., 2009 WL 2448472, at *3 (W.D.N.Y. Aug. 7, 2009) ("It is well settled that an attorney's inadvertence, neglect, mistake or misplaced reliance does not suffice to establish good cause for failure to make proper service within 120 days.") (citation omitted).

Were it only a question of good cause, the Court would thus be inclined to deny Plaintiffs the opportunity to serve Defendants after such an inordinate passage of time. However, the Court must also consider that Plaintiffs' demands implicate the rights of all of the children of John Senior, as well as the mortgagee, and not just

---

[1] The Court takes judicial notice of the September 25, 2008 closing of Washington Mutual Bank. See *Information for Washington Mutual Bank, Henderson, NV and Washington Mutual Bank, FSB, Park City, UT*, *available at* http://www.fdic.gov/bank/individual/failed/wamu.html (last accessed Sept. 22, 2009).

the one defendant served with the initial complaint. Therefore, preventing Plaintiffs from properly completing service may have a detrimental effect on absentee parties.

*Rule 19: Required Joinder of Parties*

Federal Rule of Civil Procedure 19 provides, in relevant part:

A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if

(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest; or . . . leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations.

Fed. R. Civ. P 19(a).

"Because Rule 19 protects the rights of an absentee party, both trial courts and appellate courts may consider this issue sua sponte even if it is not raised by the parties to the action." Mastercard Int'l Inc. v. Visa Int'l Serv. Assoc., 471 F. 3d 377, 383 (2d Cir. 2006); see also Bartfield v. Murphy, 578 F. Supp. 2d 638, 645 (S.D.N.Y. 2008) ("The issue of indispensability is one that courts have an independent duty to consider sua sponte, if there is reason to believe dismissal on such grounds may be warranted."). In this case, while Plaintiffs tangentially claim that neither Bartish or Washington Mutual is an indispensable party, the Court finds

that all of the parties alleged to have defrauded Plaintiffs in the course of the sale of Property should be joined in this case. Cf. Serlin v. Samuels, 101 F.R.D. 64, 66 (E.D.N.Y. 1984) (dismissing action where plaintiffs claimed they had been defrauded of intestate shares of estate and yet failed to join potential heirs as defendants).

Therefore, Plaintiffs are ordered to serve Defendants Bartish and Washington Mutual (or its duly authorized successor) **and electronically file proof of same** within a period of **thirty (30) days** from the entry of this order. If subsequent pleadings and filings reveal the existence of other indispensable parties, the Court will revisit the issue at such later juncture. See Bartfield, 578 F. Supp. 2d at 645 ("The absence of an indispensable party is considered to be so significant a defect that most courts have indicated that it may be raised for the first time subsequent to the trial or on appeal.") (quoting 7 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE § 1609 (3d ed. 2008)).

Counsel for Plaintiff is admonished that the Court will not hesitate to sanction further violations of its individual rules and orders. While counsel affirms that he wishes not to "burden the Court" with necessities like the effectuation of proper service, several actions committed thus far (including, inter alia, the naming of both a deceased person as a plaintiff and a non-diverse party as a defendant, and failing to file proof of service) have already crippled the progression of this action. "[W]hen delays are multiplied over and over for one reason or another in one case

after another, as they surely are and would be once the bar realizes that deadlines mean nothing, the net result is the build-up of a paralyzing backlog of pending cases." Peart v. City of New York, 992 F.2d 458, 462 (2d Cir. 1993) (internal citations omitted); Peters-Turnbull v. Board of Educ. of the City of New York, 1999 WL 959375, at *3 (S.D.N.Y. Oct. 20, 1999) ("A court need not beg a party to comply with its orders.").

SO ORDERED.

DATED: September 23, 2009　　　　　　　_____/s/_____
　　　　Brooklyn, New York　　　　　　　Sterling Johnson, Jr., U.S.D.J.